IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO TELEPHONE COMPANY,
INC., et al.,

        Plaintiffs

        v.

SISTEMA DE RETIRO DE LOS
EMPLEADOS DEL GOBIERNO Y LA
JUDICATURA, et al.,

        Defendants

CIVIL NO. 09-1085 (JP)

## OPINION AND ORDER

Plaintiffs filed the instant lawsuit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.*, and Article I, Section 10 of the United States Constitution (the "Contract Clause") against Defendants Sistema de Retiro de los Empleados del Gobierno y la Judicatura ("Retiro") and the Administrador de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (collectively, "Defendants"). Plaintiffs seek a declaratory judgment that Puerto Rico Act No. 234 of August 9, 2008 ("Act 234") is expressly preempted by federal law because on its face, and as its being applied by Defendants, it violates ERISA and the Contracts Clause of the U.S. Constitution.

The parties met with the Court on June 2, 2009, for an Initial Scheduling Conference, represented by counsel: Elizabeth del Pilar Villagrasa-Flores, Esq., for Defendants; and María Isabel Rey-Cancio,

CIVIL NO. 09-1085 (JP)          -2-

Esq., and Ada Nurie Pagán-Isona, Esq., for Plaintiffs.   Miriam
Rivera, a representative from Retiro, was also present.   After
carefully considering the arguments set forth by the parties in their
Initial Scheduling Conference memoranda (Nos. 20 and 21) and
presented orally at the Initial Scheduling Conference, and for the
reasons stated herein, the Court will enter a separate judgment
granting Plaintiffs' request for a declaratory judgment that Law 234
is preempted by ERISA as it is applied to Plaintiffs in this lawsuit.

I.    **FACTUAL ALLEGATIONS**

     Plaintiffs allege that the Puerto Rico Telephone Company
("PRTC") currently sponsors three pension plans for the benefit of
its employees: (1) PRTC Pension Plan for Hourly Employees,
(2) Retirement Plan for Salaried Employees of PRTC, and (3) PRTC Lump
Sum Retirement Plan (collectively, the "PRTC Retirement Plans").
Said plans are subject to ERISA regulation.

     From 1974 until 1999, PRTC was a public corporation owned by the
Commonwealth of Puerto Rico.   In 1999, the Commonwealth sold the
controlling interest of PRTC to the GTE Corporation.   At the time of
the sale, 512 PRTC active employees had accrued benefits under the
Commonwealth's Retirement System ("Retiro").   Prior to the sale to
GTE, PRTC employees who participated in Retiro did not participate
in the PRTC Retirement Plans.   As part of the Stock Purchase
Agreement with GTE, the Commonwealth and GTE agreed that the 512

CIVIL NO. 09-1085 (JP)          -3-

employees would participate in one of two plans sponsored by PRTC, called the "Replacement Plans." One was for salaried employees, and the other for hourly employees. The Agreement also provided mechanisms for the protection of the employees' accrued benefits. Plaintiffs allege that the 512 employees understood and accepted the terms of their change in pension plan.

On August 9, 2008, Act 234 was signed into law. Act 234 grants PRTC active and retired employees who were participants in Retiro at the time of the sale of PRTC in 1999 ("Eligible Employees") the right to have Retiro count the years of service worked after the sale with any Government branch, including PRTC, as years of service for purposes of accruing pension benefits that would entitle them to a merit pension benefit under Retiro. For those employees who had already retired, Act 234 grants them the opportunity to obtain a new calculation of their pension benefits.

To take advantage of Act 234 opportunities, Eligible Employees must: (1) return to Retiro all the contributions that were distributed to them after they ceased to participate in said system, (2) pay the accumulated interest on the amount of contributions previously distributed, (3) pay the total principal amount of employee pension contributions for each year of service worked after the sale with any Government branch, including PRTC, and (4) pay the accumulated interest on the principal amount of employee pension

CIVIL NO. 09-1085 (JP)          -4-

contributions for each year of service worked after the sale that will be counted as years of service for purposes of qualifying for a merit pension.  The annual interest rate is not higher than 2.5% under Act 234.  Eligible Employees are entitled to a payment plan to pay the principal amount and interest owed.  However, in order for an employee to be eligible to the payment plan, Act 234 states that the employee must pay what he or she owes of the principle and interest of the contributions "after the Retirement Plan of the PRTC returns to the Retirement System the contributions it has of each employee."

On September 24, 2008, the Director of the Area of Services to Participants of the Administration sent a letter to PRTC requesting a list of all Eligible Employees and their salaries.  On October 24, 2008, Retiro's Administrator sent a letter to the President of PRTC, informing PRTC that Act 234 provides that Eligible Employees must pay the contributions they owe to the Retirement System after the Retirement Plan of the PRTC sends and pays to Retiro the pension contributions it has for each eligible employee.  He also informed PRTC that once the Eligible Employees resume their participation in Retiro, PRTC will have to deduct from their salaries the amount they will prospectively contribute to Retiro, and must pay an additional amount equal to 9.275% of each of said employees' salaries as employer contributions to Retiro.  Retiro requested the transfer of

CIVIL NO. 09-1085 (JP)            -5-

the pension contributions held in the PRTC Replacement Plans' trusts to Retiro.

A group of Eligible Employees allegedly requested Plaintiffs to transfer the pension contributions each has accumulated in the PRTC Retirement Plans to Retiro.  Some of these employees threatened to take legal action against Plaintiffs if they do not process the transfer.

The PRTC Retirement Plans are non-contributory defined pension benefit plans.  Therefore, employees who participate in these plans do not make any contributions to the same.  PRTC is the only entity that makes contributions to the PRTC Retirement Plans, but said contributions are not made on behalf of particular employees. Rather, they are based on an actuarial analysis of how much money is necessary to keep the PRTC Retirement Plans funded and in a condition to pay the necessary pension benefits.  The PRTC Retirement Plans provide that a distribution of accrued vested benefits can only occur when, under the terms of the Retirement Plans, participants retire, terminate employment, and reach their normal, early, or postponed retirement date or become disabled.  No distribution of benefits can be made while the participant is still in active employment.  Retiro is a government plan that is exempt from the provisions of ERISA, and thus it is not a plan governed by ERISA, nor is it qualified under the provisions of the Internal Revenue Code ("IRC").

CIVIL NO. 09-1085 (JP)          -6-

In sum, Plaintiffs claim that Act 234 is preempted by ERISA, and also that it impairs the rights and obligations of Plaintiffs established under the Stock Purchase Agreement.

## II.  **ANALYSIS**

Plaintiffs first argue that Act 234 is preempted by ERISA. ERISA was passed into law in September 1974, with the purpose of promoting and protecting the best interests of the employees and their beneficiaries in the benefit plans established by their employers.  See Shaw v. Delta Air Lines, 463 U.S. 85, 90 (1983). ERISA imposes participation, funding, and vesting requirements on pension plans.  29 U.S.C. §§ 1051-1086 (1976 ed. and Supp. V).

With respect to the interaction between ERISA and state law, Section 514(a) of ERISA expressly pre-empts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29 U. S. C. § 1144(a).  The term "State law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  § 514(c)(1), 29 U.S.C. § 1144(c)(1); see also Shaw, 463 U.S. at 92.  Puerto Rico is considered a state for ERISA purposes.  29 U.S.C. § 1002(10); see Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 122 (1st Cir. 1995).

The United States Court of Appeals for the First Circuit has stated that "ERISA preemption is, as a general matter, expansive in

CIVIL NO. 09-1085 (JP)          -7-

scope." <u>Rosario-Cordero</u>, 46 F.3d at 122 (quoting <u>McCoy v. Massachusetts Inst. of Technology</u>, 950 F.2d 13, 16 (1st Cir. 1991)). A state law "relates to" an employee benefit plan "if it (1) has a connection with or (2) a reference to such a plan." <u>California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.</u>, 519 U.S. 316, 324 (1997); <u>see</u> <u>Pharm. Care Mgmt. Ass'n v. Rowe</u>, 429 F.3d 294, 302 (1st Cir. 2005). The First Circuit further held that a state law may relate to an employee benefit plan even though the law does not conflict with ERISA's own requirements, and represents an otherwise legitimate state effort to impose or broaden benefits for employees. <u>Rosario-Cordero</u>, 46 F.3d at 123 (citing <u>Simas v. Quaker Fabric Corp. of Fall River</u>, 6 F.3d 849, 852 (1st Cir. 1993)).

In <u>Dillingham</u>, the United States Supreme Court found that two types of state laws - those that impose requirements by reference to ERISA plans and those that specifically exempt ERISA plans from generally applicable provisions - in addition to state causes of action that are predicated on the existence of ERISA plans all refer to, and therefore "relate to," ERISA plans for the purposes of 29 U.S.C. § 1144(a). 519 U.S. at 324-25; <u>see</u> <u>Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.</u>, 215 F.3d 136, 143 (1st Cir. 2000). In other words, ERISA preemption occurs "where a State's law acts immediately and exclusively upon ERISA plans . . .

CIVIL NO. 09-1085 (JP)          -8-

or where the existence of ERISA plans is essential to the law's operation." Dillingham, 519 U.S. at 325.

It is uncontested that the PRTC Retirement Plans are covered by ERISA.  Act 234 requires the PRTC Retirement Plans to transfer to Retiro the entire amount of pension benefits accrued by the Eligible Employees.  The Court agrees with Plaintiffs that Act 234 directly relates to ERISA-governed pension benefit plans as it specifically refers to PRTC's Retirement Plans, requiring them to make a transfer of plan assets to Retiro.

Further, Act 234 requires a transfer of assets be made from the PRTC Retirement Plans to Retiro regardless of whether a particular Eligible Employee is in active employment or retired.  The PRTC Retirement Plans have specific provisions that determine when a transfer or distribution of assets can be made; specifically, no distribution of benefits can be made while the Eligible Employee is in active employment.  If the transfer is made in accordance with Act 234, the PRTC Retirement Plans' fiduciaries would be violating the terms of the PRTC Retirement Plans, as well as their own fiduciary duties.  See 29 U.S.C. § 1104.  Additionally, said fiduciaries would be violating Section 402(a) of ERISA, which requires every employee benefit plan to be established and maintained pursuant to a written instrument, and to operate in conformance with the terms of said written instrument.  29 U.S.C. § 1102(a)(1).

CIVIL NO. 09-1085 (JP)          -9-

Accordingly, the Court finds that ERISA preempts Act 234 as it is applied to the particular Plaintiffs in this case.  A state law cannot regulate pension benefit plans that are covered by ERISA, as are the PRTC Retirement Plans.  Moreover, the Eligible Employees will not be prejudiced by this result.  They will continue to have the same rights under Retiro and under the PRTC Replacement Plans that they had prior to the passage of Act 234.  Although Act 234 would provide them with an additional benefit, under the present circumstances the Eligible Employees will not lose the vested benefits that they had already earned.  Having found Act 234 to be preempted by ERISA, the Court need not consider Plaintiffs' second argument that Act 234 violates the Contract Clause of the United States Constitution.

## III. **COMMENT**

As an aside, the Court wishes to express its concern with the timing of the passage of Act 234 on August 9, 2008, shortly before the Puerto Rico elections were held.  The Court finds the passage of such an act to be an obvious favor on the part of the Legislature in an effort to buy votes.  Such political maneuvers destroy good government and tie up the efficiency of the courts.  The Puerto Rican citizenry must focus on electing the right politicians on the basis of their credentials and platforms, rather than simply electing those who can provide favors.  The Court warns that a continuation of the

CIVIL NO. 09-1085 (JP)              -10-

aforesaid behavior will not only lead to the election of corrupt politicians, but also to the passage of unjust laws.

**IV.   <u>CONCLUSION</u>**

For the foregoing reasons, the Court finds that ERISA preempts Act 234 as it applies to Plaintiffs in this case.  The Court will enter a separate judgment granting Plaintiffs' request for declaratory relief.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of July, 2009.


                                    s/Jaime Pieras, Jr.
                                      JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE